The opinion of the Court was delivered by
Whitner, J.
The facts will be readily collected from the report of the Judge and the accompanying statement of counsel. It is a proceeding familiarly known as a confession of judgment before an attorney, and the appeal leads to an inquiry, whether the order on circuit setting aside the judgment entered was authorized.
Various objections have been suggested and earnestly pressed in the argument, presenting questions I concede not free from difficulty, yet unless fully sustained on just legal views, the-subsisting judgment should not be disturbed. This judgment *167 encounters, (1) a denial that there was any cognovit actionem ; (2) that a term having intervened between the signing the alleged cognovit and entering the judgment, it was void under the tenth Rule of Court: (3) that the death of the defendant, especially when taken in connection with the foregoing, interposed an insuperable bar to the subsequent proceeding; (4) that the annexed condition and attendant circumstances, made it equivalent to a confession under warrant of attorney.
In the examination of a case involving some of the principles now under discussion, Lord Kenyon, more than half a century ago, declared, that if they were then to consider for the first time, whether legal relations and legal fictions should he adopted, they would inquire into ail and sift most minutely the foundations on which they could be supported, but that then sitting as a Court of Law at the close of the eighteenth century, it was too late to consider whether that, which had always been considered as law, should continue to be so then.
In following the course of argument I have attempted, though I confess with little profit, to trace the distinctions and analogies in the ancient proceedings to judgment, whether on a cognovit or a warrant of attorney. The rules which obtained in the different Courts of K. B., Common Pleas and Exchequer, with various modifications introduced from time to time by statutory provisions, involve the subject in much complexity. As sources whence to deduce principles applicable to our forms and practice, they may not be regarded as invariably reliable.
A cognovit actionem is a written confession of the cause of action subscribed by the defendant, as is said (Chit. Geni. Prac. 664,) when a “writ has been already issued,” or (Lush’s Law Prac. 713,) “ must be founded on a pending suit.” In this case it is insisted there was no suit fending or writ already issued. In English practice, as contradistinguished, a warrant of attorney was an authority under seal to a certain attorney, to confess the action or suffer a judgment by nil *168 dicit or otherwise, more frequently given independently of any action, and very generally as a prospective security, even though at the time executed' nothing is due from the party. Chit. Gen. Prac. 670. Again, the cognovit authorized the plaintiff to sign judgment, and issue execution for a named sum, and was a usual mode to save expenses of further proceedings in action, though, when no writ has been issued, the more usual security having the same effect is a warrant of attorney. But by our A. A. 1786, (2 Stat. 232,) all powers of attorney for confessing judgment before action brought, are utterly null and void. Hence the distinction has not been preserved, if in fact it ever obtained here. The objection not only reaches a large class of cases, but would unsettle a practice which has taken deep root, and is now inveterate. But the reason of any just rule on the subject, is so fully met by the daily practice, as to obviate all objection. The root of the action from which all subsequent proceedings spring, is the writ. It is designed to summon or bring the party into court, to hear and answer the plaintiff’s claim. It is simply on the principle, that no man should be condemned unheard. Certain forms are to be observed ordinarily, before the party can be called to answer, but assuredly it does not hence follow, that they are each indispensable, if the party for whose benefit they are designed chooses to waive them.
The action is as well commenced by the written acknowledgment of service, as though the writ had been served by the sheriff. Irregularities are cured by the act of the party,— sometimes expressed — often by implication. In this case there was a writ tested before the confession, a sufficient undertaking to appear, an actual appearance in person and in terms, and although it is said to have been the constant practice in the Common Pleas to take cognovit before declaration and judgment have been entered thereon, (1 Tidd. Prac. 559,) in this case plaintiff’s cause of action was fully set oat in the form of a declaration, and a confession of the cause of action duly *169 signed. Treated and understood as a suit commenced, and in contemplation of law a suit pending, witb a distinct waiver of objections to all matters of form; the objection, to be fatal to the judgment, must be one of substance. Lush’s Prac. 328-333.
It is reasonable and expedient when a party defendant has no merits, to save expense by a confession. The law permits immediate adjustment by a debtor, or as has been quaintly said, to “meet his adversary by the way.”
The tenth Rule of Court provides, that parties are at liberty to enter judgment obtained at one term or court on or before the last day of the court or term next succeeding, without the payment of additional fees, and that no judgment shall be entered up after such second term, without giving a term’s notice to the adverse party or his attorney, of the intention to enter up the same. Mil. Comp. 3é. The objection then is, that the judgment in question should have been entered on or before the last day of the term next succeeding the signing the cognovit. To this there is a short and conclusive answer, arising out of the inquiry, when was the proper time for entering this judgment.. If no terms are imposed, the party may immediately sign final judgment and take out execution thereon. But when a judgment is confessed upon terms, the Court is bound to take notice of it and see the terms performed. Tidd’s Prac. 560.
Cotemporaneously with the cognovit, and as part of it substantially, were stipulations postponing the day at which the judgment was to be entered. Terms are not unusual, certainly not fatal: such as, stay of execution, stay of lodgment of fi. fa., or entering of judgment.
Until default there was no right in plaintiff to enter his judgment. The day when this contingency could happen was subsequent to the term next succeeding. Hence the rule is no bar, for by no fiction could this be .regarded as a judgment of the October Term, 1851. Whether the rule applies to cog *170 novit actionem bas riot been held by our courts. — but the reason of the rule certainly does not apply to the case made, as there was no default until after March Term, 1852, and a judgment entered before would have been set aside.
Books of Practice have it that the form is to enter judgment when default is made, not when acknowledgment is made. The cognovit therefore, must be- held to take date when the default is made.
I am thus led to inquire whether the death of the defendant between the judgment Term and the actual entering the. judgment, vitiates the record. By our A. A. 1785, (7 Stat. 281, Sect. 41,) in cases of death of party pending suit after an interlocutory and before final judgment obtained therein, provision is made against abatement, and directs a sci. fa., whereupon the action may proceed, and in all actions in any of the Courts of this State, if either party shall die between the verdict and judgment, there shall be no abatement of such actions, but the same shall proceed as if both parties were living. It has been held that judgment signed upon assessment by the clerk at preceding term, was regular; Miller and Leclcie vs. Jones, 2 Speer, 315; and that there was no abatement or occasion for sci. fa. where decree had been rendered under like circumstances. Dibble vs. Taylor, 2 Speer, 308. The views presented in these cases will be found illustrative of principles now acted upon.
All judgments are entered as of some term of the Court, and hence judgments confessed in vacation are entered as of the term precedent. Thus too, it has been held, that a judgment signed in any part of the subsequent vacation, relates to the first day of the term, notwithstanding the death of the defendant before judgment actually signed.
I confess on this point of the case I have felt more embarrassment than my brethren, though I have yielded to what I believe the weight of authority, and perhaps the just application of analogous principles long settled, not a little fortified *171 bj concessions, at least by one of the learned counsel in the argument. The occasion will not permit an extended notice of each casé and the point ruled. The authorities directly pertinent will be found, 1 Salk. 87; 2 Str. 881; 2 Taunt. 68; 2 Ld. Ray. 766, 850 ; 6 T. R. 868; 7 T. R. 20; 15 Eng. C. L. R. 843.
Much of the perplexity, vanishes by considering the case of an ordinary confession in vacation disembarrassed of all other objections.
A judgment is the conclusion of law upon facts found or admitted. The entry is merely the formal registry of what was adjudged, having relation, as all agree, to the Term when the conclusion is supposed to have been entered. Why or how can the death interpose to arrest the mere formula of entering it up. If the party lives there is no judicial action requisite. No order by the Court in point of fact. There' is nothing interlocutory or inchoate. No verdict necessary, the facts are admitted. No assessment required, the sum is ascertained, and by consent is considered as adjudged. The whole proceeding by our practice is begun, prosecuted and perfected in vacation, and the whole fiction is exploded if the entry does not follow as a legal corollary. The defendant is excluded, and the plaintiff cannot be postponed by the mere withdrawal of his assent, however bitter the penitence of the defendant. ■Continued assent is not of the essence of the right to sign judgment.
I have but little to add on the remaining point,, as many of the considerations entering into this have already been presented. It is true, that should not be permitted by indirection which may not be done directly.
The terms of the statute rendering void all powers of attorney for confessing judgment before action brought, have been already referred to. Neither in letter nor in spirit is it perceived that this ease falls within the purview of the evils provided against. . A cognovit has been given with a condition *172 that judgment should not be entered unless default should be made in the payment on a day fixed. Nothing remained uncertain. Nothing to be adjudged. The mere deposit of the proceeding in the custody of a mutual friend until the contingency, when 'the judgment was to be signed, cannot change it. There was no discretion to be exercised., No control reserved to the parties. Authorities heretofore cited, prove incontestibly that such terms are competent. The rights of creditors are in no way impugned. An immediate judgment with a stay of levy of execution would have been clearly competent. To them the terms obtained on the part of the debtor were more favorable.
The motion to set aside the order on circuit is granted.
O’Neall, WITHERS, Glover and MüNRO, JJ,, concurred.